Khushpreet R. Mehton, SBN 276827
**ACCESSIBLE CALIFORNIA, APC**
2880 Zanker Road, Suite 203
San Jose, CA 95134
Telephone: (408) 449-4505
Facsimile: (408) 432-7235
Email:  kmehton@accessiblecalifornia.com

Attorney for Plaintiff Richard Johnson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CASA LUPE, PARINEH GUIV, in individual and representative capacity as trustee, and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT; VIOLATION OF CALIFORNIA CIVIL CODE §§ 51,52; AND RELATED CODES AND REGULATIONS<br><br><u>DEMAND FOR JURY</u> |

Plaintiff, Richard Johnson, alleges as follows:

## I.  PARTIES

1.  This is a civil rights action by Plaintiff, Richard Johnson ("Plaintiff") for disability discrimination by Defendants, Case Lupe, and Parineh Guiv, in individual and representative capacity as trustee, and Does 1-10 inclusive (collectively hereinafter "Defendants").

2.  Plaintiff is a Santa Clara County resident with physical disabilities.  Plaintiff suffers from the medical condition C-7-T-1 Tetraplegia and uses a manual wheelchair

and van equipped with a lift when traveling about in public. As such, Plaintiff's physical impairments substantially limit and/or affect one or more major life activities such as walking. At all relevant times, Plaintiff is and was a "person with a disability" and a "physically handicapped person" within the meaning of the Americans with Disabilities Act and California Government Code section 12926 and is a person whose rights are protected by these laws.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants were and currently are the owners, operators, lessees and/or lessors of the Casa Lupe Restaurant and real property and located at 185 Main Street, Los Altos, California ("the Facility").

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained.

5. Plaintiff is informed and believes that each of the Defendants is and was the agent, employee or representative of each of the other Defendants and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some form or manner for the acts and omissions of the other Defendants thereby proximately causing the damages complained of herein.

6. At all relevant times, all Defendants and each of them were legally

responsible to Plaintiff for each of their co-defendants' wrongs, acts, and omissions alleged herein as though they had each committed each act themselves, and at all times authorized, directed, and ratified the acts and omissions of each remaining defendant.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for violations of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action arising from the same nucleus of operative facts and arising out of the same transactions is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is based on the fact that the Facility (*i.e.*, the real property) which is the subject of this action is located in the Northern District of California and that Plaintiffs' cause of action arose in the Northern District of California.

## III. SUMMARY OF FACTS

10. Plaintiff lives in Santa Clara County and visited the Facility located at 185 Main Street, Los Altos, California on at least three (3) occasions including, September 13, 2018, October 23, 2018, and November 17, 2018. During his visits to the Facility Plaintiff encountered some or all of the following barriers to access:

- The landing at the entrance to the Facility has slopes exceeding 2.08%;
- The exterior path of travel is to narrow and restricted by tables and chairs;
- The entrance to the Facility is inaccessible because there are currently two doors in a series without sufficient clear space and width;
- There is not a 10" smooth uninterrupted surface on the screen door;

- The screen door closes too fast;
- The main entrance door requires more than 5lbs of force to operate;
- The exterior mat is a tripping hazard as wheelchair wheels can get caught in the mat;
- There are an insufficient number of interior and exterior accessible seating surfaces at the Facility;
- The interior tables at the Facility lack sufficient clear knee space;
- The exterior tables at the Facility lack sufficient clear knee space;
- The interior path of travel throughout the Facility is less than 36" wide;
- There is no path of travel to the restroom; and
- There is no accessible restroom at the Facility.

11. These barriers at the Facility prevented Plaintiff from being able to use the Facility in the same manner as an able-bodied person. As a result, these barriers at the Facility and the lack of accessibility caused Plaintiff to feel like a second-class citizen. In particular, the lack of a level landing at the Entrance and the two doors mounted in series (screen door and main door) combined with the fast closing speed of the screen door and the heavy weight of the main door make it difficult, if not impossible, for Plaintiff to enter the Facility without assistance[1]. Once inside the Facility, the lack of sufficient accessible seating surfaces made it difficult for Plaintiff to enjoy his meals as he lacked sufficient clear knee space beneath his tables. The lack of an accessible path

---

[1] On at least one of his visits, Plaintiff had to flag down the Facility's staff to assist him to enter the Facility. One staff member held the door open and another pushed Plaintiff's wheelchair through the series of doors. Although Plaintiff appreciated the staff's assistance he was nonetheless embarrassed and frustrated by the commotion this event caused and the unnecessary attention he garnered as a result.

of travel throughout the interior of the Facility made it difficult for Plaintiff to maneuver through the restaurant. Finally, the lack of an accessible route of travel to the restroom and the lack of an accessible restroom make it difficult for Plaintiff to fully and equally enjoy the Facility as he is not able to wash his hands or use the facilities.

12. Plaintiff intends to continue to visit the Facility and will continue to be discriminated against until the barriers to access are removed.

13. Until the discriminatory policies, practices, and procedures of Defendants are modified and changed, Plaintiff will continue to be denied full and equal access to the goods and services offered by Defendants to the general public because he will suffer ongoing discrimination and damages by being excluded and deterred from the Facility.

14. Plaintiff is informed, believes, and based thereon alleges that his individual experiences of disability discrimination by Defendants are representative of Defendants' overall failure to maintain adequate accessible facilities and/or adequate training of employees as to the rights of customers with disabilities.

15. The discriminatory treatment of Plaintiff by Defendants constitutes an ongoing violation of both federal and state laws, and unless enjoined by this Court, will result in an ongoing and irreparable injury to Plaintiff and other similarly situated persons.

**IV.  FIRST CLAIM**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. §12101 et seq.**

16. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15, inclusive, as though fully set forth herein.

17. Congress enacted the Americans with Disabilities Act (hereinafter "ADA")

upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be "serious and pervasive social problems." 42 U.S.C. § 12101(a)(2).

18. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1)-(2).

19. Title III of the ADA provides in pertinent part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a).

20. The ADA further provides that "it shall be discriminatory to afford an individual or class of individuals, on the basis of disability or disabilities of such individual class, directly, or through contractual, licensing, or other arrangement with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

21. Discrimination under the ADA includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . ." 42 U.S.C. § 12182(b)(1)(A)(iii).

22. The ADA further prohibits "a failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . ." 42 U.S.C. § 12182(b)(1)(A)(ii).

23. By virtue of their acts and omissions herein alleged, Defendants have violated Title III of the ADA as to Plaintiff.

24. Pursuant to 42 U.S.C. § 12188(a), Plaintiff is entitled to declaratory and injunctive relief, and to recover reasonable attorneys' fees and litigation costs and expenses incurred in bringing this action.

## V.  SECOND CLAIM
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
## CALIFORNIA CIVIL CODE § 51 et seq.

25. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Pursuant to §51(f),

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

27. Plaintiff is a person with a disability within the meaning of the Unruh Act.

28. Defendants' business location (*i.e.*, the Facility) is a business establishment within the meaning of the Unruh Act.

29. Plaintiff suffered damages as above described as a result of Defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards including, but not

limited to, denying Plaintiff the opportunity for full and equal access and enjoyment to the Facility and the goods and services provided therein, in violation of both California law and the ADA, as described in the Summary of Facts, *supra*, the contents of which are incorporated herein.

30. California Civil Code §52(a) provides that each such violation entitles Plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that may be determined by the court in addition thereto. . . ."

31. On the subject occasions (*i.e.*, on September 13, 2018, October 23, 2018, and November 17, 2018) when Plaintiff attempted to obtain the goods and services offered by Defendants, he was not allowed full and equal enjoyment and access due to the refusal by Defendants to provide accommodation to and around the Facility. As a result, Plaintiff suffered unnecessary anxiety and panic, causing him to feel humiliated, embarrassed, frustrated, and angry that he could not obtain full and equal access to the services offered at the Facility simply because he was disabled.

32. Plaintiff was damaged by Defendants' wrongful conduct and seeks statutory minimum damages of four thousand dollars ($4,000.00) for each event of discrimination and for each time Plaintiff has been deterred from returning to the business together with attorney's fees and litigation costs and expenses.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court issue a preliminary and permanent injunction directing Defendants as the owners and/or operators of the Facility located at 185 Main Street, Los Altos, California to remove the aforementioned barriers to Plaintiff's full and equal access and establish policies and procedures so that they provide full and equal access

to all persons, including persons with physical disabilities as required by law.

2. That the Court retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions complained of herein no longer occur, and cannot reoccur;

3. That Plaintiff be awarded all appropriate damages, including but not limited to statutory damages, general damages, special damages, punitive/exemplary damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. That Plaintiff be awarded all of his reasonable statutory attorney's fees, litigation expenses, and costs of this proceeding as provided by law;

5. That Plaintiff be awarded prejudgment interest pursuant to Civil Code §3291; and

6. Such other and further relief as the Court deems just and proper.

Dated: August 27, 2019            ACCESSIBLE CALIFORNIA, APC

By:  */s/ Khushpreet R. Mehton         /*
KHUSHPREET R. MEHTON, ESQ.
Attorney for Plaintiff Richard Johnson

### **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: August 27, 2019            ACCESSIBLE CALIFORNIA, APC

By:  */s/ Khushpreet R. Mehton         /*
KHUSHPREET R. MEHTON, ESQ.
Attorney for Plaintiff Richard Johnson